HENDRY, Chief Judge.
This is an appeal by appellant/plaintiff from a summary judgment rendered in favor of appellee/defendant, on appellant’s complaint for breach of contract.
On February 20, 1968, appellant and ap-pellee entered a contract for the financing of an expedition to locate and salvage the treasure of a sunken Spanish ship, the Nuestra Señora de Atocha. By the terms of the contract, appellee agreed to conduct the expedition and pay appellant one percent of the treasure recovered in exchange for One Thousand Dollars. The contract was to expire one year from the commence *930 ment of the expedition. At the end of that period of time, if no profit had been realized, certain collateral given to appellant by appellee, in the form of ancient coins, was to automatically vest in appellant.
The expedition commenced at sea on February 28, 1968. After the duration of one year, appellant was notified by letter, dated March 14, 1969, of the lack of the expedition’s success in locating the sunken treasure ship. The letter informed appellant that the contract had expired and, as no profits had been realized, appellant was entitled to keep the collateral.
On July 22, 1970, appellee sent a second letter to appellant, again stating that the contract had expired and formally transferring legal title to the coins to appellant. Appellant did not respond to either letter but instead kept the collateral. Years later, on August 28, 1975, upon learning of appel-lee’s eventual success in discovering the sunken ship, appellant filed a complaint for breach of contract.
The trial judge was of the opinion that the statute of limitations had run on an action for breach of contract and found no genuine issues of material fact prohibiting him from entering summary judgment in favor of appellee. From the entrance of said judgment, this appeal follows.
After carefully reviewing the record, briefs and arguments of counsel, it is our opinion that there were no genuine issues of material fact and that appellee was entitled to a summary judgment as a matter of law. Firstly, it is both clear and unequivocal that, by its terms, the contract was to last for only one year. Secondly, even assuming a breach of contract could have been maintained, any cause of action for same would have accrued on February 28, 1969, or, at the latest, July 22, 1970, when appellant was put on notice that ap-pellee deemed the contract to be at an end. Instead of objecting to the letters of the above dates, appellant took permanent possession of the collateral and silently acquiesced for over five years. When, at last, appellant decided to file his complaint, the cause of action had been effectively barred by the statute of limitations. Section 95.-ll(2)(b), Florida Statutes (1975).
Accordingly, the judgment appealed from is hereby affirmed.
Affirmed.